Case 6:94-cr-10129-JWB  Document 258  Filed 06/20/16  Page 1 of 3

FILED
U.S. District Court
District of Kansas

JUN 20 2016

Clerk, U.S. District Court
By _____ Deputy Clerk

Attn: Court of the Clerk

Movant respectfully moves this Court for permission to file a second or successive motion attacking his conviction and sentence pursuant to 28 U.S.C. 2244 (b) (3) and 2255 (h) (2) in light of Johnson v. United States, 135 S. Ct. 2551 (2015).

I. STANDARD OF REVIEW

The Tenth Circuit summarized the second or successive requirements as follows:

Section 2255 (h) requires a federal prisoner seeking authorization to demonstrate that his propsed claims either depend on "newly discovered evidence,"...or rely upon "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable, " 2255 (h) (2). See United States v. Duran, 454 Fed. Appx at 676. A court of appeals may certify the filing of a second or successive 2255 "only if it determines that the application makes a prima facie showing" that the motion satisfies the requirements of 2255 (h). Id. 2244 (b) (3) (C) ; see Coleman v. United States, 106 F.3d 339 ,341 (10th Cir 1997) (incorporating 2244 (b) (3) (C) ; "prima facie showing" standard into 2244 (b) (3) (C) 's second or successive requirements).

II. JOHNSON IS APPLICABLE TO 924 (C)

Defendant respectfully request the court to authorize the filing of a second or successive 2255 petition to dismiss Count 2 (Use of a firearm during and in relation to a crime of violence, and 924 (i) ) based on Johnson v. United States, __ U.S. __, 135 S. Ct 2551 (2015). In Johnson, the Supreme Court held the Armed Career Criminal Act's [ACCA] residual clause unconstitutionally vague. See 18 U.S.C. 924 (e) (2) (B) (ii). The rule in Johnson was previously unavailable, and applicable to section 924 9c) where the language in 924 (c) (3) (B) (ii) is similar to that of 924 (e) (2) (B) (ii). A court of appeals should authorize a successive 2255 motion when the individual makes a prima facie showing that his application satisfies one of the substantive grounds for a successive motion. See U.S.C. 2244 (b) (3) (C). Johnson constitutes a new rule of constitutional law, previously unavailable, and was made retroactively applicable to cases on collateral review by the Supreme Court and has satisfied 28 U.S.C. 2244 (b) (3) (c) and 2255 (h) (2) requirements.

Numerous Circuits has granted defendants permission to file second or successive petitions in light of Johnson for 924 (c) cases. See i.e., Freeman v. United States, No. 15-3687 (2nd Cir. Jan 26, 2016) (granted permission to file second or successive petition in 924 (c) case) ; Ruiz v. United States, No. 16-1193 (7th Cir. Feb. 19, 2016) (authorizing a second or successive petition in 924 (c) case) ; In Re: Ricardo Pinder, Case No. 16-12084 (11th Cir. June 1st, 2016) (authorization to file second or successive granted in 924 (c) case, where Court pointed out that the language in 924 (c) and 924 (e) is very similar). See also, United States v. Bell, No. 15-CR-00258-WHO, 2016 WL 344747, at *11-*13 (N.D. Ca. Jan 28, 2016) ( 924 (c) 's residual clause invalid under Johnson).

III. Johnson Renders Defendant Innocent Of Violating 924 (c)

With the residual clause gone, a predicate only qualifies as a "crime of violence" if it meets the relevant force clause definition. See 924 (c) (3) (A). Defendant contends that Hobbs Act robbery does not meet the definition of the force clause. First, the term "physical force" within 924 (c) (3) (A) is diffrent from "force" employed in committing a Hobbs Act robbery. See i.e., Untied States v. Hollins, 514 F.Appx 264 (3d Cir. 2013) , which held that a Pennsylvania robbery offense criminalizing one who "physically takes or removes property from the person of anorther by force however slight" was not a crime of violence under the force clause of U.S.S.G. 4b1.2 (a) (1), a sentencing guideline written similarly to the ACCA force clause.. Id. at 266. See also, United States v. Bell, No. 15-CR-00258, 2016 U.S. Dist. LEXIS 11035, 2016 WL 344749, at *9 (N.D. Cal. Jan. 28, 2016) in which the district court held that 18 U.S.C. 2112 (criminalizing "[w]hoever robs or attempts to rob another of any kind or description of personal property belonging to the United States") is not a crime of violence under the Force Clause because there is a realistic probability that section 2112 will be applied to nonviolent conduct. See United States v. Naughton, 621 F. App'x 170, 178 (4th Cir 2015) ("If any one of the available means of violating the statute is non-violent, under the categorical approach the offense is not a crime of violence...irrespective of the defendant's actual conduct.")

The Hobbs Act sweeps broadly, where is criminalizes the unlawful taking or obtaining of personal property from the person...by means od [actual or threatened force], or [violence], or [fear of injury, immediate or future]. Threatened force being

employed for future purposes does not satisfy 924 (c) (3) (A)'s physical force element. See Chambers v. United States, 555 U.S. 122, 128 (2009) (rejecting the government's argument that an offense is a violent felony because it posed a risk of violence in the future). It is evident, that " [i]f the element of violence is not present, no conviction under section 1951 for robber can occur." See i.e., VAM Check Cashing Corp. Fed. Ins. Co., 699 F.3d 727, 730 n.2 (2nd Cir 2012) (characterizing Hobbs Act as "limit[ing] the crime to larcenies committed by force or threat of force") id. at 195. Recently, two appeals wwere filed in the Second Circuit that raised the question of whether Hobbs Act robbery is a "crime of violence" under the Force Clause. See United States v. Hill, No.14-3872 (2d cir 2016), and United States v. Barrett, No. 14-2641 (2d Cir 2016). See also, United States v. Melgar-Cabrera, No. CR 09-2962, 2015 U.S. Dist. LEXIS 145226 (D.N.M. Aug. 24, 2015) (Hobbs Act robbery is a crime of violence under 925 (c) (3)'s residual clause).

Conclusion

WHEREFORE, defendant contends that he has made a prima facie showing" that the instant motion satisfies the requirements of 2255 (h) (2) and 2244 (b) (3) (C) for permission to file a second or successive motion under Johnson.

Dated this 16th day of June, 2016.

Respectfully Submitted,

*P. Nguyen*

Phouc Nguyen
# 41321-083
United States Penitentiary
P.O. Box 26030
Beaumont, Texas
77720

