IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff,

v.                                                         Case No. 94-CR-10129-01-JTM
                                                             No. 16-CV-1231-JTM

PHUOC H. NGUYEN,

    Defendant.

## MEMORANDUM AND ORDER
## DENYING MOTION TO VACATE SENTENCE

Before the court are defendant Phuoc Nguyen's motions to vacate his sentence pursuant to 28 U.S.C. § 2255. Dkts. 258 and 262. Defendant argues that *United States v. Johnson*, 135 S.Ct. 2551 (2015), mandates finding the residual clause of 18 U.S.C. § 924(c)(3)(B) unconstitutionally vague. He also argues that a Hobbs Act robbery does not qualify as a crime of violence under the force clause of § 924(c)(3)(A), which makes him innocent of violating § 924(c) and warrants vacating his sentence for aiding in the murder of Barbara Sun. The government counters that *Johnson* only invalidates the residual clause of § 924(c)(3)(B) and that a Hobbs Act robbery unquestionably constitutes a crime of violence under § 924(c)(3)(A), thus the motions should be denied. Dkt. 265 at 4. Alternatively, the government requests a stay of this matter until the Tenth Circuit Court of Appeals issues its opinion on whether a Hobbs Act robbery constitutes a crime of violence under § 924(c)(3)'s force clause. *Id.* at 9. For the reasons stated below, the court denies the motions to vacate sentence.

## I. Factual Background

On November 8, 1994, Nguyen, accompanied by three co-defendants, entered the Mandarin Restaurant and Lounge in Wichita, Kansas, to rob Barbara and Mark Sun, the restaurant's owners and operators. While two of the co-defendants tied up Mr. Sun and a waiter, Nguyen and co-defendant Bountaem Chanthadara took Mrs. Sun upstairs. Mrs. Sun was beaten and shot five times. She died that evening from multiple gunshot wounds.

On November 15, 1996, a jury convicted Nguyen of one count of interference with commerce by means of robbery (Count One) and one count of carrying and using a firearm during and in relation to a crime of violence resulting in death (Count Two). On April 15, 1997, the court sentenced defendant to 240 months on Count One and life imprisonment without the possibility of release on Count 2, to be served concurrently. Dkt. 227. On September 3, 1998, the Tenth Circuit Court of Appeals affirmed the convictions. *United States v. Nguyen*, 155 F.3d 1219 (10th Cir. 1998).

In June 2016, Nguyen filed two *pro se* motions to vacate his convictions and sentence based on the *Johnson* decision. He raises two issues: 1) *Johnson* renders the residual clause of § 924(c)(3)(B) unconstitutionally vague, and 2) his Hobbs Act conviction does not categorically qualify as a "crime of violence" under § 924(c)(3)(A), thus his conviction for Count Two cannot stand and his life sentence should be vacated. Dkt. 263 at 5.

## II. Analysis

As an initial matter, the court finds no need for an evidentiary hearing given the legal nature of the issues raised. *See* 28 U.S.C. § 2255(b); Rule 8(a), Rules Governing Section 2255 Proceedings; *Yates v. United States*, 316 F.2d 718 (10th Cir. 1963) (movant not entitled to evidentiary hearing where no issue of fact was presented); *United States v. Ray*, 587 F. App'x

469 (10th Cir. 2014) (no evidentiary hearing required because issues presented were legal in nature).

As to the argument that Nguyen's Hobbs Act conviction does not qualify as a "crime of violence" under § 924(c)(3)(A), the court finds this claim untimely. Section 2255 motions are subject to a one-year statute of limitations. For claims arising from later Supreme Court decisions, the period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right had been newly recognized by Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

Nguyen cites *Johnson v. United States*, 559 U.S. 133, 130 S. Ct. 1265 (2010) (*Johnson I*), as the Supreme Court case that supports his claim that a Hobbs Act robbery does not constitute a crime of violence under § 924(c)(3)(A) upon application of the categorical approach. Dkt. 263 at 5. Even if true and assuming retroactivity, *Johnson I* was decided on March 2, 2010, which means any claims based on it must be presented by March 2, 2011. The ACCA-residual *Johnson* case, issued in 2015, does not save this claim. *See United States v. Jefferson*, No. 3:05-cr-135, 2016 WL 3523849, at *2 (S.D. Ohio June 28, 2016) ("[t]he *Johnson* decision does not make timely any claim of unconstitutional vagueness in a federal criminal statute filed within one year of *Johnson*"). Accordingly, the court finds this claim untimely.

Even if this claim was timely, the court finds it lacks merit. The Hobbs Act defines robbery as "the unlawful taking or obtaining of personal property from the person or in the presence of another, against his will, by means of actual or threatened force, or violence, or fear of injury, immediate or future, to his person or property . . . ." 18 U.S.C. § 1951(b)(1). Defendant argues that the Hobbs Act robbery does not qualify as a crime of violence under § 924(c)(3)(A) because the term "physical force" within that provision is different from the "force" employed in

§ 1951. Additionally, he argues that because some Hobbs Act crimes require no use or threatened use of physical force, the Hobbs Act statute fails to categorically constitute a crime of violence under § 924(c)(3)(A). Dkt. 263 at 5. As examples, he posits that: 1) merely placing others in fear of some future injury to their property does not require any use or threat of violent physical force, and 2) robbing a person by impersonating a police officer requires no physical force.

In *United States v. Melgar-Cabrera*, Case No. 09-2962, slip op. (D. N.M. August 24, 2105), the defendant presented arguments similar to those raised here. The *Melgar-Cabrera* court rejected these arguments, stating:

> First, Defendant gives undue emphasis to the word "future" which appears in the definition of the term "robbery" in 18 U.S.C. §1951(b). Defendant argues that this word places §1951(b)(1) outside of a "crime of violence" because it has not occurred, but this twists the language of §1951(b) which defines the means of robbery by "means of actual or threatened force, . . . immediate or future . . . ." It is clear that the word "future" describes force that is "threatened," as opposed to "actual" force which is "immediate." §1951(b) (emphasis added). In other words, "robbery" can be either a threat to inflict something harmful in the future, or a use of force in the present. According to §924(c)(3)(A), a "crime of violence" means "the use, attempted use, or threatened use of physical force . . . . ." (emphasis added) Thus, the word "future" in §1915(b) is within what is envisioned in a "crime of violence" under §924(c)(3)(A).
>
> Second, Defendant puts a spin on the term "physical force" . . . in §924(c)(3)(A) which is not supported by the language in the provision. Defendant claims that "[t]he act of placing another in fear of physical injury at best constitutes a threat of physical injury to another, which plainly does not require the use or threatened use of 'violent force' against another" and that putting an individual in fear of physical injury is, at best, only a threat of physical injury to another. Doc. 368 at 5. This argument selectively chooses only part of the language in §1951(b)(1) and totally ignores other words in the provision such as "actual" force or violence. Further, "physical injury" is neither an element in "robbery" in §1951(b)(1) or a requirement for a "crime of violence" under §924(c)(3). Thus, this argument is irrelevant as well as illogical.
>
> Defendant also replaces the phrase "physical force" with "violent force." The Court finds no legal precedent for this, and thus Defendant is placing a requirement for a "crime of violence" that is not there. The Court suspects that Defendant may be borrowing from the holding in another Supreme Court case and applying it here. In *Johnson v. U.S.*, 559 U.S. 133 (2010) (distinct from the

4

> *Johnson* case that found the ACCA's residual clause to be unconstitutional, *see* 135 S.Ct. at 2551), the Supreme Court held that a defendant's prior battery conviction under Florida law was not a "violent felony" under the ACCA. In doing so, the court interpreted the phrase "physical force" in the ACCA's "force clause," §924(e)(2)(B)(i), to mean "violent force" because a common-law meaning of the word "force" (such as the offensive touching elements of the battery conviction) did not fit in the context of the statutory category of a "violent felony." 559 U.S. at 1271 ("Nothing in the text of §924(e)(2)(B)(i) suggests that "force" in the definition of a "violent felony" should be regarded as a common-law term of art used to define the contours of a misdemeanor."). Here, "physical force" within the context of a "crime of violence" under §924(c)(3)(A) does not necessarily mean "violent" force. Defendant's reliance on the *Johnson* battery case is misplaced since that case involved the ACCA provision in §924(e)(2)(B)(i), and not §924(c), and Defendant cites to no case that interprets "physical force" in §924(c)(3)(A) as "violent force." (Footnote omitted).

*Melgar-Cabrera*, slip op. at 5-6.

The court finds the above analysis persuasive and adopts it. The court also finds the cases defendant relies upon distinguishable and inapposite.[1] Finally, the court finds the "robbery by police impersonation" example an unrealistic probability. In order to find the Hobbs Act statute overbroad, "there must be a 'realistic probability, not a theoretical possibility,' that the statute would be applied to conduct not encompassed by the generic federal definition" of a "violent crime" articulated in § 924(c)(3)'s force clause. *U.S.A.*, No. CR14-328-CAS, 2016 WL 3381218, at *4 (C.D. Cal. June 8, 2016), *reconsideration denied sub nom. U.S.A. v. Dorsey*, No. 2:14-CR-00328(B)-CAS, 2016 WL 3607155 (C.D. Cal. June 30, 2016) (*quoting Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 193 (2007)). It is unlikely that prosecutors would charge the police impersonation example as a Hobbs Act robbery. Additionally, because defendant fails to cite any cases in which 'courts in fact did apply the statute' in the manner [defendant] claims they would," defendant's examples do not satisfy the "realistic probability" standard of the

---

[1] First, the cases defendant cites are not from this circuit. Second, they are factually distinguishable. *United States v. Bell*, 158 F. Supp. 3d 906, 2016 WL 344749 at *10 (N.D. Cal. 2016) involved a robbery of government property under § 2112, not a Hobbs Act robbery under § 1951. *United States v. Naughton*, 621 F. App'x 170, 172 (4th Cir. 2015) involved brandishing a firearm in furtherance of a conspiracy to commit sex trafficking. *VAM Check Cashing Corp. v. Fed. Ins. Co.*, 699 F.3d 727 (2nd Cir. 2012) involved deciding whether a particular criminal act constituted "robbery" within the meaning of an insurance policy.

categorical approach. *United States v. Pena*, Case No. 15-CR-551, 2016 WL 690746 at *11 (S.D.N.Y. Feb. 11, 2016) (*quoting Duenas–Alvarez*, 549 U.S. at 193).

In sum, the court concludes that a Hobbs Act robbery is a "crime of violence" under § 924(c)(3)(A). *See In re Colon*, 2016 WL 3461009 *4 (11th Cir. June 24, 2016) (aiding and abetting Hobbs Act robbery qualifies as a crime of violence pursuant to § 924(c)(3)(A)'s force clause); *In re Saint Fleur*, 2016 WL 3190539 *4 (11th Cir. June 8, 2016); *United States v. House*, 2016 WL 3144735 *3 (8th Cir. June 6, 2016) (Hobbs Act is a serious violent felony under 18 U.S.C. § 3559(c)(2)(F)(ii)); *United States v. Howard*, 2016 WL 2961978 *1 (9th Cir. May 23, 2016) (unpublished) (Hobbs Act robbery indisputably qualifies as a crime of violence).

Because the court finds that Hobbs Act robbery may be considered a crime of violence under the elements clause of 18 U.S.C. § 924(c)(3)(A), the court refrains from addressing whether § 924(c)(3)(B) is unconstitutional under *Johnson*. *See Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 347 (1936) ("It is not the habit of the court to decide questions of a constitutional nature unless absolutely necessary to a decision of the case."). In sum, Mr. Nguyen's arguments fail to establish a constitutional violation. Accordingly, he is not entitled to the requested relief. The court, therefore, denies his motions to vacate his sentence.

### III.   Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)).

7

The court finds the issues presented debatable among reasonable jurists. The court therefore grants a certificate of appealability as to its ruling on this motion.

**IT IS THEREFORE ORDERED** this 25th day of August 2016, that defendant's motions to vacate (Dkts. 258 and 262) are **DENIED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to this ruling is **GRANTED**.

s/ J. Thomas Marten
J. THOMAS MARTEN, Judge