IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,
    Plaintiff,

vs.                                                  No. 94-10129-JTM

PHOC NGUYEN
    Defendant.

MEMORANDUM AND ORDER

Defendant Phoc Nguyen was convicted in 1997 of Hobbs Act robbery (18 U.S.C. § 1951) and carrying a firearm in connection with a crime of violence (violating 18 U.S.C. § 924(i)(1). He was sentenced to 240 months imprisonment for the robbery and life imprisonment on the weapons count. (Dkt. 227). The matter is now before the court on defendant's Motion to Vacate his sentence under 28 U.S.C. § 2255. (Dkt. 289). Relying on *United States v. Davis*, 139 S.Ct. 2319 (2019), Nguyen argues that Count 2 conviction must be set aside because the underlying Hobbs Act robbery is not a "crime of violence."

*Davis*, which held that the residual clause of 18 U.S.C. § 924(c)(3)(B) is unconstitutionally vague when applied to conspiracy to commit Hobbs Act robbery, is inapplicable here. The defendant Nguyen was not charged with *conspiracy* to commit Hobbs Act robbery. He was charged with, and convicted of, actual Hobbs Act robbery.

Hobbs Act Robbery is categorically a crime of violence under the elements clause of § 924(c)(3)(A). *United States v. Melgar-Cabrera*, 892 F.3d 1053, 1064-65 (10th Cir. 2018),

*cert. denied*, 139 S.Ct. 494 (2018). The defendant here was directly criminally responsible for the actual robbery. *See United States v. Deiter*, 890 F.3d 1203 (10th Cir. 2018) (under 18 U.S.C. § 2, "aiding and abetting is not a separate crime but simply eliminates the legal distinction between aiders and abettors and principals"). Indeed, his participation in a "crime of violence" for sentencing purposes is established even if the Hobbs Act robbery had been accomplished by aiding and abetting, *see, e.g., United States v. Richardson*, ___ F.3d. ___, 2020 WL 413491, at *5-6 (6th Cir. 2020), or if he had merely attempted a Hobbs Act robbery. *See, e.g., United States v. Ingram*, 947 F.3d 1021, 1025-26 (7th Cir. 2020).

Because Nguyen was not charged merely with conspiracy, *Davis* is inapplicable. As this court has recognized, "Hobbs Act robbery (as opposed to mere conspiracy) is a crime of violence within the meaning of 18 U.S.C. § 924(c)(3)(A)." *United States v. Toles*, No. 99-10086-02-JTM, 2020 WL 1536588, at *1 (D. Kan. Mar. 31, 2020) (collecting cases). Because Hobbs Act robbery is a crime of violence for sentencing purposes, the defendant's sentence was correct. In light of the authority cited above, the court concludes that reasonable jurists would not reach a different result, and declines to issue issue a certificate of appealability.

IT IS ACCORDINGLY ORDERED this day of August, 2020, that the defendant's Motion to Vacate (Dkt. 289) is hereby denied.

*J. Thomas Marten*
J. Thomas Marten, Judge
